UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                    )
LOPER BRIGHT ENTERPRISES, INC., *et al.* )
                                    )
      Plaintiffs-Appellants,       )
                                    )
    v.                              )   Case No. 21-5166
                                    )
GINA RAIMONDO, in her official capacity as )
Secretary of Commerce, *et al.*     )
                                    )
      Defendants-Appellees.       )
_____ )

## NON-BINDING STATEMENT OF ISSUES TO BE RAISED

Appellants Loper Bright Enterprises, Inc.; H&L Axelsson, Inc.; Scombrus One LLC; and Lund Marr Trawlers LLC hereby respond to the Court's Order, dated July 19, 2021, and submit the following non-binding statement of issues to be raised in this appeal:

1.    The Magnuson-Stevens Fishery Conservation and Management Act (the "Act") authorizes regional fishery management councils and the Secretary of Commerce (the "Secretary") to require that commercial fishing vessels carry observers on-board for the purposes of data collection, insofar as it is determined necessary for conservation and the management of a fishery. 16 U.S.C. § 1853(b)(8). It also permits the creation of other "necessary and appropriate" regulatory measures. *Id.* § 1853(a)(1), (14). However, the Act explicitly provides

for industry funding of observers in only three limited instances—*id.* §§ 1821(h)(4), 1853a(e)(2), 1862(a)—and is silent about such funding in other situations. Did the district court err by concluding Congress unambiguously vested regional councils and the Secretary with broad-ranging authority to impose industry-funded at-sea monitoring in any fishery or under any circumstance?

2. Assuming the Act did not directly address the authority to impose industry-funded at-sea monitoring but was instead ambiguous, did the district court err by concluding that Appellees' interpretation of the Act was reasonable?

3. The Act contemplates separate processes by which fishery management plans or plan amendments, on the one hand, and implementing regulations, on the other, are approved by the Secretary. Here, Appellees proposed implementing regulations for the New England Fishery Industry-Funded Omnibus Amendment (the "Amendment") before the Amendment was even approved by the Secretary as consistent with the Act's National Standards and applicable federal law. That suggests the government prejudged the Amendment's legality. Did the district court err by concluding otherwise and accepting the procedural soundness of the approval process for the Omnibus Amendment and the agency rulemaking implementing its measures?

Dated: August 18, 2021

Respectfully submitted,

<u>/s/ Ryan P. Mulvey</u>
Ryan P. Mulvey
Eric R. Bolinder

CAUSE OF ACTION INSTITUTE
1310 N. Courthouse Road, Ste. 700
Arlington, VA 22201
Telephone: (571) 444-4182
ryan.mulvey@causeofaction.org
eric.bolinder@causeofaction.org

*Counsel for Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2021, I filed the foregoing in the United States Court of Appeals for the District of Columbia Circuit using the Appellate CM/ECF System. Service will be accomplished by the Appellate CM/ECF System.

<u>/s/ Ryan P. Mulvey</u>
Ryan P. Mulvey

*Counsel for Appellants*