

VIA CM/ECF

June 11, 2025

Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue N.W.
Washington, D.C. 20001

Re:  *Loper Bright Enterprises, Inc. v. Lutnick*, No. 21-5166
     (Argued Nov. 4, 2024)
     Response to Defendants-Appellees' Rule 28(j) Notice

Dear Mr. Cislak:

The Supreme Court's ruling in *Seven County Infrastructure Coalition v. Eagle County*, No. 23-975, has little bearing on this case, except to confirm the *Loper Bright* court's central holding that judicial review of an agency's interpretation of a statute must proceed *de novo*. *Seven County*, slip op. at 8; *see Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 393 n.4 (2024). To be sure, *Seven County* reiterates *Loper Bright*'s admonition that, in some cases, a "statute's meaning may well be that the agency is authorized to exercise a degree of discretion." 603 U.S. at 394–95. But the parties have long recognized that much here.

The Government's attempt to analogize this case to a National Environmental Policy Act case, like the one in *Seven County*, falls flat. "NEPA is a *purely procedural statute*" that "imposes no *substantive* constraints on [an] agency." Slip op. at 9. Under NEPA, judicial review is constrained and courts merely "confirm that the agency has addressed environmental consequences and feasible alternatives as to the relevant project." *Id.* The Magnuson-Stevens Act, by contrast, is a substantive statute with robust review. *See* 16 U.S.C. § 1855(f).

More damningly, the Government insists this case does not involve any dispute over the *meaning* of the terms "necessary" and "appropriate," 16 U.S.C. § 1853(b)(14). That position is confusing and incorrect. There is a vital distinction—which the Government continues to ignore—between whether an industry-funded monitoring requirement qualifies as the *kind* of "necessary and appropriate" management measure authorized by the Magnuson-Stevens Act—a question subject to *de novo* review without special solicitude for the agency's view—and whether industry funding, assuming it falls within the outer bounds of "necessary and appropriate," was properly included as part of the Atlantic herring fishery management plan. The latter question would be subject to a more "deferential arbitrary-and-capricious standard" as it "does not turn on the meaning" of the law and "involves primarily issues of fact." *Seven County*, slip op. at 9–10. But it is the former question that is before this Court, and *Seven County* offers no new guidance on that front.

Sincerely,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
Cause of Action Institute
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
Telephone: (571) 444-2841
ryan.mulvey@causeofaction.org

*Counsel for Plaintiffs-Appellants*

Cc: All Counsel of Record (via CM/ECF)

# CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 28(j) because it contains 349 words, as counted by the word-processing system used to prepare the letter and excluding those parts exempted by Federal Rule of Appellate Procedure Rule 32(f).

I further certify that this letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the letter has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Century Schoolbook font.

Dated: June 11, 2025  /s/ Ryan P. Mulvey
Ryan P. Mulvey

*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2025, I field the foregoing letter in the United States Court of Appeals for the District of Columbia Circuit using the Appellate CM/ECF system.  Service will be accomplished by the Appellate CM/ECF System.  As required by Circuit Rule 28(f), I will also cause to be filed four paper copies of the letter with the Court.

Dated: June 11, 2025

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey

*Counsel for Plaintiffs-Appellants*