ORAL ARGUMENT HELD ON NOVEMBER 4, 2024

No. 21-5166

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

LOPER BRIGHT ENTERPRISES, INC., et al.,
*Plaintiffs/Appellants*,

v.

HOWARD LUTNICK, et al.,
*Defendants/Appellees*.

Appeal from the United States District Court for the District of Columbia
No. 1:20-cv-466 (Hon. Emmet G. Sullivan)

**JOINT MOTION FOR ABEYANCE**

RYAN P. MULVEY
Cause of Action Institute
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
(571) 444-2841
ryan.mulvey@causeofaction.org

ROBERT N. STANDER
*Deputy Assistant Attorney General*
DANIEL HALAINEN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-4081
daniel.j.halainen@usdoj.gov

The parties respectfully move the Court to hold this case in abeyance. The parties are engaging in settlement discussions that could resolve this matter without the need for the Court to decide the appeal. The parties propose to submit a status report 90 days after the entry of an abeyance to apprise the Court of the status of the parties' discussions.

For the following reasons, the motion should be granted.

1.      Plaintiffs challenge a rule adopted by the National Marine Fisheries Service implementing industry-funded monitoring in the Atlantic herring fishery. *See* 85 Fed. Reg. 7414 (Feb. 7, 2020). This Court upheld the rule in August 2022. *Loper Bright Enters. v. Raimondo*, 45 F.4th 359 (D.C. Cir. 2022). The Supreme Court vacated and remanded in June 2024. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). On remand, this Court ordered supplemental briefing and reargument. The parties submitted supplemental briefs, and the Court heard argument in November 2024. *See* Courtroom Minutes of Oral Argument, Doc. 2083554 (Nov. 4, 2024).

2.      The parties are engaging in settlement discussions to pursue a resolution of this long-running matter without the need for the Court to decide the appeal. This Court has "long recognized the public interest in, and importance of, settlement of litigation." *Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 307 (D.C. Cir. 2015). "Few public policies are as well established as the principle that

courts should favor voluntary settlements of litigation by the parties to a dispute." *Id.* (quoting *Am. Sec. Vanlines, Inc. v. Gallagher*, 782 F.2d 1056, 1060 (D.C. Cir. 1986)). Indeed, it "is a cardinal virtue of Article III courts to avoid unnecessary decisions and to promote voluntary resolutions where appropriate." *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022).

3.      The Court should grant an abeyance to enable the parties' settlement discussions to proceed. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). An abeyance will aid judicial economy by conserving judicial resources that might otherwise be spent on further work resolving this dispute. Where the court "may never need" to decide a case, an abeyance "comports with [the Court's] theoretical role as the governmental branch of last resort." *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1431 (D.C. Cir. 1996); *see also Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 386-87 (D.C. Cir. 2012). Because the parties agreed to settlement discussions, there will be no prejudice from an abeyance. *See Utah v. EPA*, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025) (Rao, J., concurring) ("When the party challenging a rule does not oppose the agency's motion for abeyance, the court will generally presume there is no hardship and grant abeyance.").

4.     The parties propose that the Court direct the submission of a status report 90 days after the entry of an abeyance to address the parties' progress.

For these reasons, an abeyance should be granted.

                                        Respectfully submitted,

/s/ *Ryan Mulvey*                       /s/ *Daniel Halainen*
RYAN P. MULVEY                          ROBERT N. STANDER
Cause of Action Institute               *Deputy Assistant Attorney General*
4201 Wilson Blvd., Ste. 1000            DANIEL HALAINEN
Arlington, VA 22203                     *Attorney*
(571) 444-2841                          Environment and Natural Resources
ryan.mulvey@causeofaction.org           Division
                                        U.S. Department of Justice
*Counsel for Appellants*                Post Office Box 7415
                                        Washington, D.C. 20044
                                        (202) 514-4081
                                        daniel.j.halainen@usdoj.gov

                                        *Counsel for Appellees*

July 16, 2025

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. of App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 533 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2504 in 14-point Times New Roman.

/s/ *Daniel Halainen*
DANIEL HALAINEN

*Counsel for Appellees*