ORAL ARGUMENT HELD ON NOVEMBER 4, 2024

No. 21-5166

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

LOPER BRIGHT ENTERPRISES, INC., et al.,
*Plaintiffs/Appellants*,

v.

HOWARD LUTNICK, et al.,
*Defendants/Appellees*.

Appeal from the United States District Court for the District of Columbia
No. 1:20-cv-466 (Hon. Emmet G. Sullivan)

**JOINT STATUS REPORT**

RYAN P. MULVEY
Cause of Action Institute
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
(571) 444-2841
ryan.mulvey@causeofaction.org

DANIEL HALAINEN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-4081
daniel.j.halainen@usdoj.gov

The parties jointly submit this status report in response to the Court's August 13, 2025, order holding this case in abeyance.

1.  Plaintiffs challenge a rule adopted by the National Marine Fisheries Service implementing industry-funded monitoring in the Atlantic herring fishery. *See* 85 Fed. Reg. 7414 (Feb. 7, 2020). This Court upheld the rule in August 2022. *Loper Bright Enters. v. Raimondo*, 45 F.4th 359 (D.C. Cir. 2022). The Supreme Court vacated and remanded in June 2024. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). On remand, this Court ordered supplemental briefing and reargument. The parties submitted supplemental briefs, and the Court heard argument on November 4, 2024. On July 15, 2025, the parties jointly moved for an abeyance to enable the parties to discuss settlement. The Court granted the motion on August 13, 2025, and directed the parties to file a status report by November 12, 2025, and at 90-day intervals thereafter. The Court further directed the parties to file motions to govern further proceedings within 30 days of the conclusion of settlement proceedings.

2.  The parties have engaged in good-faith settlement discussions, which have not yet concluded.

3.  At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for the majority of other Executive agencies,

1

including the Department of Commerce. Absent an appropriation, Department of Justice attorneys and employees of the Federal Defendants have been prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

4. Accordingly, an abeyance of proceedings in this matter remains necessary. The parties will file another status report within 90 days or file motions to govern further proceedings within 30 days of the conclusion of settlement proceedings.

Respectfully submitted,

/s/ *Ryan Mulvey*
RYAN P. MULVEY
Cause of Action Institute
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
(571) 444-2841
ryan.mulvey@causeofaction.org

*Counsel for Appellants*

/s/ *Daniel Halainen*
DANIEL HALAINEN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-4081
daniel.j.halainen@usdoj.gov

*Counsel for Appellees*

November 12, 2025

2

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. of App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 318 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2504 in 14-point Times New Roman.

/s/ *Daniel Halainen*
DANIEL HALAINEN

*Counsel for Appellees*