ORAL ARGUMENT HELD ON NOVEMBER 4, 2024

No. 21-5166

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

LOPER BRIGHT ENTERPRISES, INC., et al.,
*Plaintiffs/Appellants*,

v.

HOWARD LUTNICK, et al.,
*Defendants/Appellees*.

Appeal from the United States District Court for the District of Columbia
No. 1:20-cv-466 (Hon. Emmet G. Sullivan)

**JOINT STATUS REPORT**

RYAN P. MULVEY
Cause of Action Institute
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
(571) 444-2841
ryan.mulvey@causeofaction.org

DANIEL HALAINEN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-3329
daniel.j.halainen@usdoj.gov

The parties jointly submit this status report in response to the Court's August 13, 2025, order holding this case in abeyance.

1.      Plaintiffs challenge a rule adopted by the National Marine Fisheries Service implementing industry-funded monitoring in the Atlantic herring fishery. *See* 85 Fed. Reg. 7414 (Feb. 7, 2020). This Court upheld the rule in August 2022. *Loper Bright Enters. v. Raimondo*, 45 F.4th 359 (D.C. Cir. 2022). The Supreme Court vacated and remanded in June 2024. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). On remand, this Court ordered supplemental briefing and reargument. The parties submitted supplemental briefs, and the Court heard argument on November 4, 2024. On July 15, 2025, the parties jointly moved for an abeyance to enable the parties to discuss settlement. The Court granted the motion on August 13, 2025, and directed the parties to file a status report by November 12, 2025, and at 90-day intervals thereafter. The Court further directed the parties to file motions to govern further proceedings within 30 days of the conclusion of settlement proceedings.

2.      On May 1, 2026, the Assistant Administrator for Fisheries wrote to the New England Fishery Management Council to convey the Secretary of Commerce's request that the council initiate a process "to revise and potentially withdraw the [industry-funded monitoring] provisions for the herring fishery." Exhibit A at 1. The Assistant Administrator requested that the council "consider and act on this request

1

as soon as possible to initiate and develop an action for Secretarial review." *Id.* at 2. The Assistant Administrator further explained that if the council "is unable to initiate an action within a reasonable time, the Secretary is authorized to prepare an amendment to rescind these measures." *Id.*

3.      The Secretary's initiation of this process to rescind the Atlantic herring industry-funded monitoring regulations codified at 50 C.F.R. § 648.11(m) could yield a resolution of this case without further litigation. Accordingly, an abeyance of proceedings in this matter remains appropriate. The parties will file another status report within 90 days or file motions to govern further proceedings within 30 days of the conclusion of any settlement proceedings.

|  | Respectfully submitted, |
|---|---|
| /s/ *Ryan Mulvey* | /s/ *Daniel Halainen* |
| RYAN P. MULVEY | DANIEL HALAINEN |
| Cause of Action Institute | *Attorney* |
| 4201 Wilson Blvd., Ste. 1000 | Environment and Natural Resources |
| Arlington, VA 22203 | Division |
| (571) 444-2841 | U.S. Department of Justice |
| ryan.mulvey@causeofaction.org | Post Office Box 7415 |
|  | Washington, D.C. 20044 |
| *Counsel for Appellants* | (202) 514-4081 |
|  | daniel.j.halainen@usdoj.gov |
|  | *Counsel for Appellees* |

May 11, 2026

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. of App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 353 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2504 in 14-point Times New Roman.

/s/ *Daniel Halainen*
DANIEL HALAINEN

*Counsel for Appellees*

# Exhibit A



**UNITED STATES DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

May 1, 2026

Cate O'Keefe
Executive Director
New England Fishery Management Council
50 Water Street, Mill 2
Newburyport, MA 01950

Dear Cate,

Thank you for your letter documenting the decisions of the New England Fishery Management Council in response to our request to the Council related to Executive Order 14276, *Restoring American Seafood Competitiveness,* signed by the President on April 17, 2025. We appreciate that the Council considered public comments submitted during the December 2025 open comment period and understand that the Council is not recommending changes to its original September 30, 2025, list of activities and workplan for Executive Order 14276. In particular, we note that the Council considered, but did not recommend, revisiting the industry-funded monitoring (IFM) program developed for the Atlantic herring fishery. For the reasons provided below, we respectfully request that the Council reconsider this decision and agree to proceed with a Council action to revise and potentially withdraw the IFM provisions for the herring fishery.

After careful consideration, we have determined that an action removing Atlantic herring monitoring requirements at 50 CFR part 648.11(m) may be warranted to remove unused provisions that are not achieving their intended goals and thereby reduce regulatory burdens on Atlantic herring fishery participants. The herring IFM program was developed to provide: (1) accurate estimates of catch (retained and discarded); (2) accurate catch estimates for incidental species with catch caps (haddock and river herring/shad); and (3) affordable monitoring for the herring fishery. The Council intended that the program be evaluated within two years of its implementation to determine what level of coverage may best achieve its stated goals. However, to date, due to a number of unexpected complications, there has been insufficient IFM coverage to support a meaningful evaluation or to show that the program is achieving its stated goals. In particular, we announced in November 2022 that we were suspending the herring IFM program for the foreseeable future due to a lack of resources to effectively implement the program.

Because the herring IFM program imposes costs on NOAA's National Marine Fisheries Service (NMFS) as well as the herring industry itself in order to be effectively implemented, in the face of declining resources and the need to prioritize our activities to support the Administration's goals and objectives of Executive Order 14276, it is unlikely that NMFS will have the resources necessary to support this program. In total, since this program was initially approved in January 2020, it has never been fully implemented at the levels intended (50 percent of trips), and during the two years that the program was partially effective, NMFS fully reimbursed all participating vessels for their costs.

Since this time, the President issued Executive Order 14276, requiring the Secretary of Commerce to consider rescinding regulations that overly burden America's fishing industry, in



cooperation with regional fishery management councils.  Likewise, the Executive Office of the President, Office of Management and Budget (OMB), published a *Notice of Request for Information* seeking proposals for rescinding unnecessary regulations.  Among the many suggestions received in response, the Secretary received requests to rescind the herring IFM requirement from herring fishery participants due to its potential costs.

Therefore, for these reasons, the Secretary requests that the New England Fishery Management Council reconsider its decision to not initiate an action to consider rescinding the Atlantic herring IFM regulations at § 648.11(m).  Rescinding these regulations is consistent with the objectives of Executive Order 14276 due to their disuse and inability to demonstrate they are achieving their stated goals.  We are also aware that herring fishery participants have expressed concerns about the potentially high level of costs of IFM in relation to the recent low level of biomass and low productivity rate of Atlantic herring.  The Council should consider and act on this request as soon as possible to initiate and develop an action for Secretarial review.

If the Council is unable to initiate an action within a reasonable time, the Secretary is authorized to prepare an amendment to rescind these measures.  The Secretarial amendment process requires public hearing at appropriate times in the geographical areas concerned and to provide the Council with an opportunity to consider and comment on the proposed amendment.
As you are aware, the Atlantic herring IFM regulations are the subject of litigation in *Loper Bright Enterprises*, pending in the D.C. Circuit Court of Appeals, and *Relentless*, pending in the 1st Circuit Court of Appeals.  An action removing the Atlantic herring IFM requirements at § 648.11(m) is an important step toward resolving both of these cases and bringing an end to the litigation over the herring IFM program.

Sincerely,

Eugenio Piñeiro Soler
Assistant Administrator
 for Fisheries